Filed 12/18/13  P. v. Jaimez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B248568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA405174) |
| v. | |
| JOE JAIMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jose I. Sandoval, Judge.  Affirmed.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Joe Jaimez was charged by information with one count of robbery (Pen. Code, § 211), as well as prior offense and firearm allegations (§§ 667, subd. (a)(1), (b)-(i), 1170.12, subds. (a)-(d) and 12022.53, subd. (b).) Defendant entered a no contest plea to the robbery, admitting the prior strike and a firearm enhancement under section 12022.5, subdivision (a). The section 12022.53, subdivision (b) enhancement was stricken by the court on the People's motion. Defendant was sentenced to a total of 12 years, consisting of the low term of two years for the robbery, doubled because of defendant's strike prior. He received a consecutive three-year term for the firearm enhancement, and five years for the serious felony prior. Defendant also received a total of 166 days of custody credit, consisting of 145 actual days, and 21 conduct credits.

Defendant now timely appeals postplea matters not requiring a certificate of probable cause. We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration that counsel reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of his right, under *Wende*, to submit a supplemental brief. Defendant did not file a supplemental brief with this court.

The factual basis for the plea is as follows (as established at the preliminary hearing): On November 24, 2012, defendant walked into a convenience store on Harvard Street in Los Angeles. He demanded money from the clerk, Maria Leyva. He had a shotgun up his sleeve, with the barrel protruding slightly. Defendant was wearing a gray pullover sweatshirt, and a gray knit cap with "LA" on it. He was Latino, had acne marks on his skin, and a white mustache. His speech was slurred, as if he was drunk. Leyva gave him money from the register, and defendant left. Leyva called 911, and described defendant to the responding officers. Later that evening, Leyva identified defendant from a photographic array.

On November 26, 2012, officers executed a search warrant at defendant's home, and found a gray knit hat and a sawed off shotgun. Leyva identified these items as those used in the robbery.

An inconsistency between the court's minutes and the abstract of judgment was corrected in the trial court. The court's minutes and abstract of judgment initially reflected the incorrect Penal Code section 12022.53, subdivision (b) enhancement. These were corrected nunc pro tunc to substitute section 12022.5, subdivision (a).

We have examined the entire record, consisting of two volumes of a clerk's transcript and one volume of a reporter's transcript, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.) We therefore affirm judgment below.

## DISPOSITION

The judgment is affirmed.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

3